(Supreme Court, Appellate Division, First Department. June 23, 1916.) Appeal from Special Term, New York County. Application by the City of New York relative to acquiring title to certain land. From an order directing cancellation of notice of lien against awards in condemnation proceedings, there is an appeal concerning Morris Kushner. Order reversed, and motion denied.

PER CURIAM. The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, on the authority of Carlisle v. Barnes, 102 App. Div. 573, 92 N. Y. Supp. 917, appeal dismissed 183 N. Y. 567, 76 N. E. 1091, and Ransom v. Cutting, 112 App. Div. 150, 98 N. Y. Supp. 282; affirmed 188 N. Y. 447, 81 N. E. 324.

McLAUGHLIN, J. I dissent, on the authority of McCoy v. Gas Engine & Power Co., 152 App. Div. 642, 137 N. Y. Supp. 591, affirmed 208 N. Y. 631, 102 N. E. 1106. The attorney agreed, in effect, that he would pay the minimum respondent's fees and other disbursements.

SMITH, J., concurs.

CITY OF NEW YORK v. EPPINGER & RUSSELL CO. et al. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Application granted. Order signed.

CITY OF SYRACUSE, applt.-respt., v. ONONDAGA COUNTY SAVINGS BANK, impleaded, etc., applt.-respt. (Supreme Court, Appellate Division, Fourth Department. June 15, 1916.) Judgment and order affirmed without costs. All concur.

CITY OF UTICA, Applt., v. UTICA CURLING CLUB, respt. (Supreme Court, Appellate Division, Fourth Department. April 19, 1916.) Order affirmed with costs. All concur; De Angelis, J., not sitting.

Thomas E. CLARK, respt., v. CITY OF NIAGARA FALLS, applt. (Supreme Court, Appellate Division, Fourth Department. May 26, 1916.) Judgment and order affirmed with costs. All concur.

In the Matter of the application of William CLEMETT, to determine the alleged lien of Clarence C. Ferris, an attorney at law. (Supreme Court, Appellate Division, Second Department. June 2, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Carr, Stapleton, and Rich, JJ., concur.

John V. COGGEY, as Recr., etc., v. Jesse WATSON. Supreme Court, Appellate Division, First Department. June 9, 1916.) Motion to dismiss appeal granted, with $10 costs. Order filed.

Joseph COHEN, as Admr., etc., v. Joseph ELIAS. (Supreme Court, Appellate Division, First Department. May 12, 1916.) Motion to dismiss appeal denied. Order filed.

Jennie G. COHEN v. Theresa NEIMAN et al. (Supreme Court, Appellate Division, First Department. June 30, 1916.) Application granted. Order signed.

Benni COHEN, Plaintiff-Respondent, v. Gedalie WITTLIN, Defendant-Appellant. (Supreme Court, Appellate Term, First Department. May 26, 1916.)
Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Benni Cohen against Gedalie Wittlin. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

GUY, J. This action was brought, as appears upon the summons, for fraud and deceit. The plaintiff and the defendant entered into a written agreement, by the terms of which the defendant agreed to sell and convey to the plaintiff the good will of the push cart business carried on by the defendant, and all the customers and 122 push carts in good condition; the lease, security, and fixtures situated at No. 165 Allen street, city of New York. The purchase price was to be the sum of $2,500, the sum of $100 to be deposited at the time of the execution of the agreement, $1,900 at the time of the delivery to the plaintiff of a bill of sale of the property, which was to be on April 15, 1915, and the balance in installments until the purchase price was fully paid. The agreement was executed on April 10, 1915, and the plaintiff deposited the said $100 with the defendant. Two days after the execution of the agreement the plaintiff brought this action to recover his deposit, and has recovered a judgment therefor. The only ground for the recovery, assuming the plaintiff's testimony to be true, is that, as he testifies, "I examined the business and the customers, and somebody told me that some of the push carts were being taken away." He also testified that he was "standing on the corner and saw the defendant taking some push carts to a place in Norfolk street." What day this was does not appear. An attempt to corroborate this testimony was made by another witness, who swore that he went to defendant's place of business and saw the defendant painting some push carts, and that a policeman who was there rubbed some of the paint off, where it had been applied, and another name was thereunder. Bearing in mind that this was before the defendant had agreed to deliver the carts to plaintiff, with the bill of sale, etc., there was not the slightest reason for charging the defendant with fraud or deceit. The defendant testified without contradiction that he had the requisite number of carts and all the other property sold by him ready for delivery, and was willing to make such delivery at the time agreed upon. There was not the slightest evidence to show any ground for a rescission of the contract on the part of the plaintiff, and the judgment must be reversed. Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.

Rose M. COLLIGAN, as administratrix, etc., respondent, v. CITY OF NEW YORK, appellant. (Supreme Court, Appellate Division,